A. H. QURAISHI and YVETTE QURAISHI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quraishi v. Commissioner
Docket No. 9178-73.
United States Tax Court
T.C. Memo 1975-21; 1975 Tax Ct. Memo LEXIS 353; 34 T.C.M. (CCH) 104; T.C.M. (RIA) 750021; February 6, 1975, Filed Abdul H. Quraishi, pro se. Gerald O'Toole, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent *354 determined a deficiency in the petitioners' joint Federal income tax return for the taxable year 1971 in the amount of $1,873.18. Due to concessions by the parties the issues for our decision are: (1) Whether travel and transportation expenses and meals and lodging expenses incurred by the petitioners in connection with a 2-week trip to Europe were ordinary and necessary business expenses; (2) Whether certain automobile expenses and certain business entertainment expenses were substantiated and deductible by the petitioners; (3) Whether certain interest expenses were substantiated and deductible by the petitioners; and, (4) Whether petitioners' claimed medical deduction should be decreased because of adjustments to their adjusted gross income, caused by disallowance of the above business deductions. FINDINGS OF FACT Some of the facts have been stipulated. Such facts and the exhibit attached thereto are incorporated herein by thif reference. The petitioners, Abdul H. Quraishi and Yvette Quraishi, are husband and wife. They filed a joint Federal income tax return for the taxable year 1971 with the district director of internal revenue, Newark, New Jersey. At the time *355 of the filing of the petition herein, petitioners' place of residence was Bloomfield, New Jersey. For a portion of the taxable year 1971, petitioner Abdul H. Quraishi (hereinafter referred to as "petitioner") was employed as a salesman for the Alan Motor Lines Inc. of East Rutherford, New Jersey, selling local trucking services to manufacturers and distributors in New York, New Jersey, and Pennsylvania. Also for a portion of that year, petitioner was employed as a salesman for the Liberty Import Corp. of Carlstadt, New Jersey, selling telephonically to wholesalers. During the period July 29, 1971 to August 13, 1971, the petitioner traveled from New York City to London, England, and then from London to Paris, France, where he met his wife and children who had arrived some weeks earlier. From there they traveled to LaBaule, France, where they visited with his uncle and his uncle's wife. Petitioner's uncle, a Mr. Baquy, was associated with a petroleum company in Pakistan. At trial, the petitioner contended that this trip was motivated by his desire to venture out on his own as a trader in general commodities, specifically petroleum, and by his expectation that his knowledge of the *356 Middle East through his prior employment with the government of Pakistan would provide him some leverage with regard to an oil transaction in which his uncle was involved. From LaBaule, the petitioners returned to New York. At no time before or after the trip did the petitioner make any sales in connection with this so-called venture. On their tax return for 1971, the petitioners claimed travel and transportation expenses of $1,250 and meals and lodging expenses of $935 attributable to this trip for a total of $2,185. The return also shows a reimbursement in the amount of $600 resulting in the amount of $1,585 which they deducted as employee business expenses. [1]
While employed by *357 Alan Motor Lines Inc., the petitioner incurred certain automobile expenses. On their return, the petitioners deducted $802 as his expenses in operating his own automobile for business. [2] Also, for that year they deducted $450 as business entertainment expenses. No records were presented at trial verifying either expense. On their return, the petitioners claimed a casualty loss of $2,880. Petitioners and respondent have agreed that the deductible casualty loss is in the amount of $862.34. On their return, petitioners claimed a deduction of $4,258 for interest paid on indebtedness. At trial, they increased the claim to $4,675.49. Of this amount, respondent conceded a deduction of $1,878.49 for interest paid in 1971 on a home mortgage loan from the Nutley Savings and Loan Association and a deduction of $81.75 on a loan of $5,900 from the National Newark and Essex Bank in October 1971. Petitioners claimed also to have paid interest in 1971, in addition to that conceded, as follows: National Newark & Essex Bank
$ 163.25
Sterling National Bank
425.00
First Jersey National Bank #256416
89.00
Associated Financial Service Corp.
#62892-5
420.00
Bank of Bloomfield #1-20-514
450.00
Bankers Trust Company #05773395
450.00
Dr. Ivan S. Young
312.00
New York Life Insurance Co. #30415369
48.00
Ohio National Life Insurance Co.
48.00
Hackensack Trust Co. #152222-110
310.00
Total
$2,715.25
*358 While records produced at trial showed that the petitioners did in fact have loans with the above, no evidence was presented to substantiate either that interest was paid or the amount thereof. In his notice of deficiency, the respondent denied the expenses so claimed. Consequently, since the petitioners' adjusted gross income was increased by the disallowance of the business expenses claimed, the respondent increased the 1 percent and 3 percent limitation under section 213 [3] thereby decreasing their allowable medical deduction in the amount of $63.40. OPINION Section 162(a) (2) allows a deduction for all the ordinary and necessary traveling expenses, including amounts spent for meals and lodging, while the taxpayer is away from home in the pursuit of a trade or business. Traveling expenses incurred in earning income or in managing or conserving income-producing property are also deductible under section 212. To be deductible under either section 162 or section 212, the expense must be ordinary and necessary. It must be reasonable in amount and must bear *359 a reasonable and proximate relation to trade or business of the taxpayer or to the production or collection of taxable income or to the management, conservation, or maintenance of property held for production of income. Section 1.162-2(a) and section 1.212-1(d), Income Tax Regs.
We find that the expenses incurred by the petitioners for the trip were not ordinary or necessary. The petitioner, while claiming to have ventured out on his own as a commodities trader failed to show that there was any venture in fact and in any event, he failed to show any connection between the trip, the expenses incident thereto, and the alleged venture. The lack of sales either before or after the trip is an indication that there was in fact no venture. Coupled with the nephew-uncle relationship of the petitioner to Mr. Baquy, this suggests that the trip was a personal one. The petitioners have produced no evidence to convince us otherwise. As regards the automobile expenses of $802 and the business entertainment expense of $450, the petitioners failed to present any evidence to verify the amounts actually paid or their basis as qualified deductions. Therefore, we find that they are not entitled to *360 such deductions. As to the amount of interest deduction in issue, the result is the same. The petitioners were given every opportunity before, during and even after the trial to present evidence substantiating these deductions but they failed to do so. Even though it appears from the record that the petitioners did have the underlying indebtedness on which they were paying interest, their failure to verify the amounts forces us to deny the deductions. Section 213 prescribes limitations on the amount of the allowable deduction for medical expenses. [4] Under this section only the amount of expenses for medical care which exceeds 3 percent of the taxpayer's adjusted gross income and only the amount of the expenses for medicine and drugs which exceeds 1 percent of the taxpayer's adjusted gross income for the taxable year may be deducted. *361 In accordance with our findings above, the adjusted gross income of the petitioners is increased by the disallowed deductions for travel and transportation and for meals and lodgings. Therefore, the percentage computation of the medical deduction under section 213 will cause such deduction to be decreased accordingly. Decision will be entered under Rule 155.
Footnotes
1. It is not clear from the record whether the $600 reimbursement was attributable to the employee business expenses as the petitioners claimed on their return or whether the amount was paid by Alan Motor Lines Inc. as reimbursement for automobile expenses. At trial, the petitioner testified that he spent between $1,400 and $1,500 for automobile expenses and that after reimbursement of $600 only $802 remained unreimbursed. This $802 is the amount he deducted on the return as automobile expenses.↩
2. Ibid.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents. (b) Limitation With Respect to Medicine and Drugs.-- Amounts paid during the taxable year for medicine and drugs which (but for this subsection) would be taken into account in computing the deduction under subsection (a) shall be taken into account only to the extent that the aggregate of such amounts exceeds 1 percent of the adjusted gross income.↩